KEMPF SURGICAL APPLIANCES, INC., APPELLANT,
*v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Kempf Surgical Appliances, Inc.*
*v. Tracy* (1996), 74 Ohio St.3d 517.]

(No. 95–460—Submitted November 9, 1995—Decided February 14, 1996.)

Lutz, Boster & Cornetet and John B. Cornetet, for appellant.

Betty D. Montgomery, Attorney General, and Steven L. Zisser, Assistant Attorney General, for appellee.

---

*Per Curiam.* Kempf applies for exemption from the sales tax under R.C. 5739.02(B)(19), which provides:

"The tax does not apply to the following:

" * * *

"(19) Sales of * * * braces or other devices for supporting weakened or non-functioning parts of the human body * * * [and] crutches or other devices to aid human perambulation * * *."

Kempf argues that these devices technologically replace braces and are exempt under R.C. 5739.02(B)(19), or that they aid human perambulation and are exempt also under R.C. 5739.02(B)(19). We agree with the BTA that these devices are not braces under this exemption, but find that the BTA neglected to decide whether these devices aid human perambulation. Consequently, we reverse the BTA and remand this matter to it for such determination.

In *Akron Home Med. Serv., Inc. v. Lindley* (1986), 25 Ohio St.3d 107, 25 OBR 155, 495 N.E.2d 417, we addressed the predecessor statute (R.C. 5739.02[B][18] ) to this exemption. This statute exempted "braces and other similar medical or surgical devices for supporting weakened or useless parts of the human body * * *." We ruled that "braces are of that group which *physically* supports parts of the body, as opposed to a broader type of 'support' which could include chemically induced support of particular organs." (Emphasis *sic.*) *Id.* at 109, 25 OBR at 157, 495 N.E.2d at 420. We ruled that oxygen and oxygen equipment, then under review, were not similar to braces. We judged the oxygen equipment to be delivery systems that do not actually support a part of the body in any direct fashion.

We find the same here. The instant devices provide electrical charges to contract muscles that stabilize or support a part of the body. However, the muscles provide the support, not the electrical devices. Thus, these devices are not braces or other devices that support weakened or non-functioning parts of the human body under R.C. 5739.02(B)(19).

Furthermore, the General Assembly amended the statute after the audit period (1977–1979) involved in our decision in *Akron Home Medical Services* to enact R.C. 5739.02(B)(19) and to exempt "crutches or other devices to aid human perambulation." (138 Ohio Laws, Part II, 3384.) We note that the General Assembly did not, in amending this exemption, include the term "similar" to modify the clause "other devices to aid human perambulation" as it had for "braces and other *similar* medical or surgical devices" for our review in *Akron Home Medical Services.*

On reviewing the testimony, there appears to be a question as to whether these devices can be used "to aid human perambulation." But, the BTA did not review these devices in light of this latter clause of R.C. 5739.02(B)(19). Accordingly, we reverse the BTA's decision and remand this matter to it for it to rule on whether these devices are exempt as aiding in human perambulation.

*Decision affirmed in part,*
*reversed in part*
*and cause remanded.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. I respectfully dissent. I would affirm the BTA in all respects.