[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 1201.]

MAXXIM MEDICAL, INC., APPELLANT, *v*. TRACY, TAX COMMR., APPELLEE.

[Cite as *Maxxim Med., Inc. v. Tracy*, 1996-Ohio-417.]

*Taxation—Sales tax—Transcutaneous electrical nerve stimulators and neuromuscular electrical stimulators—Motion to remand to Board of Tax Appeals granted—Board to rule on whether the equipment supplements impaired functions of the human body or aids human perambulation.*

(No. 95-2447—Submitted May 2, 1996—Decided July 24, 1996.)

APPEAL from the Board of Tax Appeals, No. 94-X-224.

On MOTION for Remand.

_____

{¶ 1} Maxxim Medical, Inc., appellant, sells or leases transcutaneous electrical nerve stimulators ("TENS") and neuromuscular electrical stimulators ("NMES"). The Tax Commissioner, appellee, assessed sales tax against these transactions.

{¶ 2} Maxxim claims exemption for these transactions under R.C. 5739.02(B)(19) because the disputed equipment, so it contends, (1) supports weakened or non-functioning parts of the human body, (2) supplements impaired functions of the human body, or (3) aids in human perambulation. It also claims that R.C. 4121.44(P) relieves it from collecting the tax on transactions in which the Ohio Bureau of Workers' Compensation pays for the equipment for the customers.

{¶ 3} The BTA, on appeal, affirmed the commissioner's order assessing the disputed equipment. The BTA found, following its decision in *Kempf Surgical Appliances, Inc. v. Tracy* (Feb. 3, 1995), BTA No. 93-D-486, unreported, affirmed in part, reversed in part and cause remanded in *Kempf Surgical Appliances, Inc. v. Tracy* (1996), 74 Ohio St.3d 517, 660 N.E. 2d 444, that the items did not support any part of the human body and did not act as braces. The BTA did not rule on

whether this equipment aided human perambulation or supplemented an impaired function of the human body. The BTA also determined that Maxxim should have collected tax on purchases paid for by the Bureau of Workers' Compensation.

{¶ 4} The cause is now before this court upon an appeal as of right.

_____

*Buckingham, Doolittle & Burroughs, Steven A. Dimengo* and *David L. Drechshler*, for appellant.

*Betty D. Montgomery*, Attorney General, *Richard C. Farrin* and *Steven L. Zisser*, Assistant Attorneys General, for appellee.

_____

*Per Curiam.*

{¶ 5} Under *Kempf Surgical Appliances, Inc. v. Tracy,* we grant Maxxim's motion to remand this matter to the BTA for it to rule on whether the equipment supplements impaired functions of the human body or aids human perambulation. We note that Maxxim had conceded that this equipment does not support weakened or non-functioning parts of the human body.

{¶ 6} Furthermore, we reserve judgment on whether R.C. 4121.44(P) relieves Maxxim from collecting the sales tax when the Bureau of Workers' Compensation pays for the equipment for Maxxim's customers.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____